DAYLE ELIESON
United States Attorney
CHRISTOPHER BURTON
Assistant United States Attorney
Nevada State Bar No. 12940
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336/FAX: (702) 388-5087
Christopher.Burton4@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:18-cr-00042-RFB-VCF |
| vs. | **STIPULATION FOR A PROTECTIVE ORDER** |
| JORDAN YARBER, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the public, or any third party not directly related to this case, any recordings produced by the Government during discovery under Bates stamp number(s) 79 (the "Protected Material"). The parties state as follows:

1. The indictment in this case first issued on February 3, 2018.

2. Trial is currently set for September 24, 2018. The Government desires and intends to continue producing discovery, including that discovery designated by Bates stamp numbers 79, as soon as possible.

3. The indictment in this case arises out of traffic stop of a vehicle with three occupants, including the Defendant. There are multiple bodycam videos. Some of those bodycam videos depict

interviews with two minors found in the Defendant's vehicle and contain their personal identifying information. While the Government has already made available redacted discovery designated by Bates stamp numbers 1-78, disclosure of the bodycam videos which include personal identifying information of juveniles who are potential witnesses and suspects have not yet been produced. That yet to be produced material, the Protected Material, is designated by Bates stamp numbers 79.

4. The Government believes that dissemination of the Protected Material, could reveal personal identifying information of potential witnesses.

5. In order to protect the witnesses involved in and revealed by the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: the defendant, attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing that attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

6. Without leave of Court, the Covered Individuals shall not:

    a. make copies for, or intentionally allow copies of any kind to be made by any other person of the Protected Material in this case or intentionally permit dissemination of the Protected Material at the Pahrump jail facility, or any other detention facility where the Defendant is housed, to include leaving a copy of the Protected Material unsecured at any detention facility where the Defendant is housed;[1]

    b. intentionally allow any other person to read, listen, or otherwise review the Protected Material;

    c. use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding

---

[1] It is the parties' understanding that a copy of the Protected Material will be provided to the library located at the Pahrump jail facility where the Defendant can check it out and view it as needed. However, when the Defendant is finished viewing the Protected Material, he must return his copy of the Protected Material to the library for safekeeping.

indictment arising out of this case; or

    d.    attach the Protected Material to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

7. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

9. Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

///

///

///

///

///

///

///

///

10. The defense hereby stipulates to this protective order.

Respectfully submitted,
For the United States:

DAYLE ELIESON
United States Attorney

_____/s/_____
CHRISTOPHER BURTON
Assistant United States Attorney

For the Defense:

_____/s/_____
REBECCA LEVY
Attorney for JORDAN YARBER

**IT IS SO ORDERED:**

_____     8-17-2018
HONORABLE CAM FERENBACH              Date
United States Magistrate Jude